Case number 253048 Lifestyle Communities Ltd et al versus City of Worthington, Ohio or Arguments not to exceed 15 minutes per side. Mr. Koenig, you may proceed for the appellant Thank you and good afternoon, my name is Dustin Koenig I'm here with Jones Day on behalf of the appellants Lifestyle Communities Ltd and Worthington Campus LLC who for brevity I'll refer to collectively as LC I would like to reserve five minutes for rebuttal. Very well So this appeal turns largely on the application of the familiar Penn Central factors the three-part test for determining whether a regulatory taking has occurred under the Fifth Amendment. I Analyzed the fact this often referred to as the second factor of the Penn Central Which is whether or not LC had a reasonable investment-backed expectations. Well, I mean, I guess I don't want to just jump right in but You know, I have my question is really antecedent to that I don't see How your client actually owned the use rights that you're saying were taken It seems that you never got them and so I think that to do the the Pennsylvania coal analysis, I mean for the property to be taken you must have actually had that stick in the bundle so to speak and then you know, the Municipality or whatever government entity it is does something to prevent you from continuing that use. I haven't seen a case where So a party never had it and is saying it was taken from me nonetheless Well with respect to your honor I think that the the Supreme Court's decision in Palazzo versus Rhode Island speaks to this issue of of when does a legislative enactment become part of the background principles that we look to to determine what property interest a Landowner has when they when they purchase that bundle of sticks and the court said very clearly in that case That the mere passage of time or the mere exchange of property from one Landowner to the next does not somehow codify the existing regulations such that the successive owner has no property interest to begin with The Supreme Court said a law does not become a background principle for subsequent owners by enactment itself The background principles that we look to to determine what Property interests a property owner has are those that come that have been long recognized from the common law This is a point that your honor made what in the the Hall case which admittedly Actually owned their house before it got taken from them and they had their equitable title before that got taken from them I just I've never seen this situation and I I don't think it was present in that Rhode Island or whatever case I think well, I think a good another good example would be the Andrews case from this this court in which The this court revived a takings claim that had been dismissed on the pleadings Under the theory that because the zoning had pre-existed the landowners purchase of the property It was they never had the right to begin with and judge more in that case didn't even own the property I If you if you don't mind just remind me of What transaction if any actually happened here to transfer ownership or not to your client? certainly in in So the the in 2014 the city had adopted this comprehensive plan, right in 2015 LC entered into a development rights deal with the United Methodist Children's Home. This was right as owner In 2020 LC the the in October of 2020 LC filed its its application for rezoning and then in January 2021 So just to two or three months being the entity that owned this parcel Before am I mixed? No, I'm sorry. Did did title transfer? Yes, he's in when did feast simple transfer. I it's been a while since I read the brief certainly Certainly your honor no problem in January 2021 LC waived it had previously had a zoning contingent a rezoning contingency in its purchase deal with the United Yeah, I remember that and that's another question it it waived that contingency and bought the property in fee simple absolute in January 2021 which is a Ten months before its rezoning application was ultimately denied. So, okay, that's helpful So in January of 21, they buy the property they waive the rezoning contingency Which is kind of I mean itself remarkable in certain respects But but the point being that they didn't have any of these use rights when they buy the property in January of 21 I Think that the very fact that there was a contingency, you know Illustrates that they had they did not yet have this stick in the bundle of the property that they purchased I think there's a danger in defining the bundle of sticks that that a landowner under Ohio common law of property rights is Entitled to based on the current zoning at a given time consider a situation Ohak and any entity come in and buy up a piece of property and then claim it that the zoning is Beneficial to them before the zoning is changed Yes, I think they could whether or not, you know Is it something that they have a right to do? Now not that they could but can they do it and say if you don't let me do it Then I have a right here to Do that they could I believe they could concede I mean they could certainly make out a takings claim based on the fact of a property interest whether or not it would be successful Would be I think a question for the Penn Central factors the way I like to think of it is if if we're right that the that the zone in the current zoning means that LC never had the the property right to develop a mixed-use You know residential and commercial what the property right at issue is here. Yeah, so Right, so the it's it's the classic bundle of sticks the right to use exclude and dispose of land and what what I would the You know Consider that after LC had brought the property the city of Worthington for whatever reason simply removed zoning restrictions altogether In that in that sort of Hobbesian state of nature I think Ohio law would be very clear that absent some other, you know, there's no restriction at that point LC could use that property it has the right to use that property in the way it wanted and it could build a mixed-use commercial and residential facility and if If they never had that right to begin with that would that would somehow imply that if the zoning were repealed They couldn't build that under cut You know under Ohio common law and frankly common law that goes all the way back to Blackstone as to just the bedrock principles of being able to allow a property owner to use exclude and dispose of his property as he sees fit and Here I think returning to the expectations that LC had this is an interesting case Because unlike many takings cases here we have the government itself Creating the expectations inviting the reliance I mean, that's not a the comprehensive plans now the ordinances now the law is not binding. Is that right? I don't know that I would agree that it's entirely non-binding. The the comprehensive plan is required Under the city's ordinance It is certainly binding on or was binding on the municipal the municipal planning commission, which is the first step Right, and I think even if it were, you know, even if it's not entirely binding on the City Council it is certainly still relevant to the question of whether LC was reasonable when it bought this property with the expectation that the city would work together with LC to develop a planned unit development that fit the framework that they had spent a year and Contingency was removed from the contract because I assume there was some Consternation over whether the rezoning would be approved Well the LC has has tested, you know There's testimony in the record from LC that they removed the zoning contingency in reliance on the 2014 comprehensive plan This is one of the interesting ways that I think What a specific way that I think the district court erred in drawing inferences at this stage One of the few facts she pointed to in the portion of her opinion that talks about whether or not LC had reasonable expectations was the fact that in September 2020 Which is just one month before LC submits its application and three months before it waives the zoning Contingency and buys this property in fee simple absolute Councilman David Robinson tried to Suspend the 2014 comprehensive plan. I think with respect to the district court judge The exact wrong inference at least at the summary judgment stage from that because that attempt was voted down and there were council members who voted against that attempt who expressed concern at the idea that this comprehensive plan that had reflected a Community consensus from the city would be tossed with no replacement and and so quickly Council people disagree about stuff all the time Your client got paid eight hundred thousand dollars to waive that contingency. Isn't that correct? That's correct So, I mean why isn't this just you know a sophisticated party faces a certain degree of risk about whether this property is going to be rezoned to accommodate the you know anticipated use and They you know, they make a judgment that they think it's likely enough that the rezoning will happen that it's better to pocket the eight hundred thousand dollars and And get that rezoning Without, you know this contingency than it is to maintain the contingent. I mean they were compensated eight hundred thousand dollars for the very risk that Materialized which is the basis of this suit. I mean Kind of I mean feels like double counting perhaps. I see my go ahead. Yeah, just answer the question Again, I think that you know, the city is welcome to argue those facts to the jury but there are there as to whether or not the expectation that Elsie had was reasonable and I think that you know Acknowledging that there is some risk in future rezoning does not mean that the government cannot go too far when it when it tosses a Comprehensive plan that reflected community consensus in favor of a one-and-a-half page framework that decimated the property's value According to the the the expert reports and appraisals in the record. So, okay. Thank you, Mr. You'll have your rebuttal and we'll hear from your friend on the other side Good afternoon and may it please the court. He has a shrawy here on behalf of the city of Worthington Been here before haven't you I have you Welcome back. Thank you Your honors hit on it this case is about a Risk that was taken when the zoning contingency was waived to save money That is now trying to be resurrected through the invocation of the Constitution What Elsie is asking this court to do? Is go where no court has gone before and that is turn a simple denial of a discretionary rezoning Into a due process claim and a takings claim So let me start just very briefly with due process You cannot have a protected property interest in the discretionary rezoning that's established that was established by this court in EJ s Here we have a City Council that may either approve or reject Irrespective of the recommendations of Planning and Zoning Committee. They exercise that discretion The comprehensive plan doesn't help either it doesn't guarantee any benefits It doesn't guarantee zoning and it does not limit the discretion of the city. It is not a law any situation under which the lifestyle could win in this case, I Certainly don't think so your honor And the reason is they don't have a protected property interest on the due process side and this idea that the interest is to use own exclude and dispose of the property None of those have been taken nor have they alleged that on the due process and the property interest they It seems like part of their due process argument is that the current zoning is unconstitutional Are you saying they have no? Property interest as it relates to the current zoning They certainly have a property interest in the current zoning But they have never alleged in the complaint that they are unable to use the property They are unable to dispose of the property or they are unable to exclude people now that the uses that are currently permitted are not desirable for LC But they still have value in the s1 which is a majority of the property. You can build hospitals rec centers And and other valuable developments as you can with the rest of the property. They just want more and The idea that that LC has pled that we have taken that right is just not true they've never applied or attempted to use the property under the current zoning and the city has never rejected that and And that's a good segue into the partial regulatory taking because The United States Supreme Court and concrete pipe said that where a due process claim is unsuccessful It would indeed be surprising if that challenged government action Nevertheless is violates the takings clause and it doesn't hear so first and foremost whether a taking has occurred is a question of law and This court in the night V metro case just earlier this year made that very clear courts are the subjective judges of these factors The factors here way exclusively in the city's favor, let me start with the economic factor You know the the district court actually accepted LC's argument that its value has been diminished By 90 plus percent. I actually think that's incorrect as a matter of law Because you you can't have a diminution of value of something that you never owned the inability to exploit property rights and property values to a greater degree is not a taking or Economic impact well in terms of the value. I think we're talking about two different things. I mean, that's the value of the whole parcel You know, whatever rights they in fact have and it's just less than they thought it would be That's a different question than whether they possess whether it's right. They they owned actually has been taken Certainly and there's a little there's certainly some overlap your honor in terms of you know The difference because what concrete pipe says is you you value the difference of the land as you owned it Versus the land after the taking has occurred There's been no taking as Judge Mathis suggested. What is what is the property interest at issue here? The answer was use the ability to exclude and dispose and none of that has been alleged to have been taken but if you look at the reasonable investment backed expectations It's not that the district court picked and picked and chose what facts to look at it looked at undisputed material facts at the time of The closing on the property of what the owner and and developer said on the record They said under oath Zoning is going to be difficult. It's not guaranteed It's it you know We're gonna struggle with it the seller said We don't want to be drawn into a long rezoning battle and they made a business decision and they waived the rezoning and they took the risk You're saying it's a gamble Because the zoning hadn't been changed. That's correct. And without sorry your honor Yeah Yeah, and and this is you know, this is not uncommon. You've you've got the EJS case is a due process case Rezoning wasn't approved. No violation of the Constitution You've got the Ober case which is spot-on here decided by this court in 2002 The Ober case, I believe I'm I may not be pronouncing that correctly your honor over land development for Sugar Creek Township 2022 I believe judge McKee authored that the fact that the rezoning So in that case there was a denial of a rezoning and They brought a partial regulatory takings claim making all the same allegations here You know that that was summary judgment was granted in favor of Sugar Creek Township and the court said this isn't even close to a takings They had no expectation to the rezoning the denial of the ability to exploit a property interest that the developer Thought they would be available for development is not enough for a taking and And that's exactly what happened here Well, I mean, but these on the other hand, I mean these folks show up in this township for a reason and it's because it sets forth this development plan, which Encourages the very kind of development that They seek to to do on this property. I mean doesn't that count for something in either? I mean like I don't know For either the takings claim or the due process claim It does not and the reason it doesn't is because the comprehensive plan is it's a policy. It's a community policy It's a long-range Long-term planning device the communities use all the time. It doesn't prescribe specific uses It doesn't prescribe development regulations such as your building can't be taller than 40 feet or you've got to have a certain Number of units per acre. It does prescribe a certain Or it contemplates at least a certain framework It absolutely does and that framework got radically changed after they bought the parcel well, I On that note. I don't know that the 2022 resolution radically changed anything It supplemented the comprehensive plan from 2005 and 2014 by its very nature But the ability to rezone and to petition the government to rezone remained that comprehensive plan is a one tool in the toolbox to assess whether or not a City in their discretion the City Council in their discretion would like to rezone the property Keep in mind zoning a rezoning or the establishment of zoning is a changing or creation of a new law so Like an ordinance, right? It's an ordinance. It's a codified ordinance the comprehensive plan isn't If for example, I can't think of any communities off the top of my head if for example the zoning code incorporated by reference the comprehensive plan and Made it mandatory Or made it dictate the zoning decisions. That would be a different story. So in your view the plan is not law This what is that what it was called a plan the comprehensive thousand fourteen Yeah, it was the 2005 updated in 2014. And then there was the 2022 resolution that supplemented it Yes, it is a plan and there's state law on this that it represents a community policy towards public and private development Quote it is not like a zoning regulation a law Where it's not incorporated in the zoning code, it's just that and so because of that Although they they desire to develop and LC believes that it has complied or substantially complied with the overarching goals of that plan Doesn't change the fact that they never had those rights and because they never had those rights to develop under the proposed Rezoning their due process claim fails as does their partial regulatory taking you understand the due process claim I didn't have time to ask this to mr. Koenig and you can speak to it as well Sure, do you understand the due process claim to be a procedural due process like, you know What the Constitution says or a substantive due process? I my understanding is it's a procedural due process claim. That is There was a an alleged Constitutional right to this rezoning well, it can be see I mean When we talk about expectation in in this sort of context That's usually something we hear in as to due process claims. It's somebody had an expectation. I had one case where the plaintiff had gotten a permit to build a Walmart and then that got yanked they Municipality changed his mind and so there was an there was a concrete Expectation that they could build it in that manner and there had to be a certain process before they got taken away I guess Is it fair that to say that they they had some expectation here and in any event What kind of process do you think they got? The answer is no, they didn't have a legal expectation under the due process jurisprudence because For zoning purposes as was discussed in the EJS case Anytime the city maintains a hundred percent discretion and control over the decision-making You cannot have a reasonable expectation of that entitlement. You think they've maintained a hundred percent. That's correct And and that's again coming back to the EJS case out of the circuit It talked about the use of the word may when it directed City Council to consider the planning and zoning recommendations the planning and the City Council is to consider the planning and zoning Recommendations in may or may not approve or reject the rezoning But on the on the next two pieces of the due process claim that is the property interest was taken without due process There was a zoning hearing. I mean that that's the process for rezoning. Yeah, we didn't have to get there and and Then the question is what has been taken what has been taking taken is their ability to exploit the property for a greater use in Greater development, but that's not what the Constitution protects it protects existing rights and Your honor may have been referencing the Loretto case where the Walmart was trying to apply for a variance to to build That was a Walmart case. It was That's right and and that rezoning denial was The ruling was in favor of the village of Chardon and that is because as the Loretto Court said a taking does not occur just because the owner is denied the highest and best use of the property and that's the key here They certainly want to use the property for its highest and best use as does I'm sure every property owner across the state and across the circuit, but that's not a constitutional right. That's granted to you There would be all kinds of litigation if that was true I was I was going to get to get get to that point your honor. Absolutely this this court Would sit as a as a local court of zoning if people could legally rely on a comprehensive plan That or communities would would stop creating comprehensive plans and Local governments need to have autonomy to regulate zoning zoning has been upheld since the Euclid case from the 20s This is no different than that. There's still plenty of uses on this property there's still the opportunity to request a rezoning for a higher and better use, but it is a Discretionary process by the city. It is a public-private partnership. It involves community outreach It involves a number of different hearings with a number of different bodies That's always been the process and I have not been able to find a case In this circuit where the denial of a rezoning Was found to be a due process violation or a violation of the takings clause in fact Every case from the circuit that have been identified by both parties in This case have been decided either on summary judgment or judgment on the pleadings Because it is a question of law the Pulte case out of the Fourth Circuit is also very instructive In that case Pulte actually bought 200 plus acres of property and When they purchased it had the ability to develop all of it there was a regulation that was implemented thereafter that reduced their ability to to To develop a large majority of the property But the court said because the city had the discretion to take away those rights after the fact There was no taking that's not even what we have here. I See my time is coming close. So thank you your honors Thank you your honors, I'll just make a few quick points I I think I'd start by responding to the suggestion that this would be breaking new ground and would Release the floodgates to turn federal courts into zoning boards I think you know it in many ways. This is really a straightforward application of the Penn Central Test I mean we again I would refer your honors to judge Moore's opinion in the Andrews case Where she noted that courts routinely consider takings claims that arise from a local authorities denial of rezoning on the discretion point She pointed out that it cannot be that the discretionary nature of the city's denial of the application for rezoning Deprives the landowner of a cognizable property interest to challenge current zoning for takings purposes The way we police this parade of horribles this idea that we're going to get you know We'll be flooded with these is with the Penn Central Test Of course, the Constitution does not entitle a property owner to the property's highest and best use That's precisely what Penn Central says But Penn Central also says we have to conduct an fact-intensive ad hoc inquiry To decide whether the government has gone too far and the way we decide whether the government has gone too far is arguably the most Ambiguous rule ever handed down by the Supreme Court But anyway, I don't know that I would disagree with you there your honor but but for that specific for that very reason when we have the factual record that we have here and You know my brother counsel pointed out. We don't have a Sixth Circuit case that looks exactly like this one well with due respect It's not often that a city behaves this way well But I mean the problem you have even if we grant your premise that you can challenge existing zoning or a failure or the denial of rezoning I mean just kind of prima facie when you buy a parcel that has a certain zoning that has Certain limitations on the use of the parcel when you buy that as a third party a stranger to the parcel I mean presumably the parcel itself will reflect the lack of those use rights and so that the price itself the investment-backed expectations are pretty much what you you know that existing zoning because You know those limitations are reflected in the price number one and number two, you know your investment-backed expectations here $800,000 lighter than they would have been because you've received payment for Waiving the contingency. So why doesn't that take a lot of air out of this claim? So two responses to that your honor first on on the specific valuation point You know, we have Ohio, you know statements from the Ohio Supreme Court That in doing and I think the cases that we cite in our brief are actually condemnate their eminent domain cases So true, you know cases where the government realizes it's taking this it's going to pay and in that context Which is appropriate to determine what the value is in the takings context but this is really the same the two sides of the same coin the Ohio Supreme Court's been clear that So long as it's the the opinion is is supported and credible a an appraisal In terms of the value of the property may reflect uses that are not even permitted by the current zoning And so we do think reasoning there. I mean, it's just like what some hope in the future that because Because and that gets that's gets to the second point I was going to make which is look at look at for instance the facts in this case this this is a unique case in the sense that I certainly haven't seen a takings case where the They're the relevant municipality reached out into the market and said we understand the current zoning of this specific Parcel cannot be used for financially feasible uses. This is of course something that the city's own expert admitted in his report But don't worry about the current zoning because that is not our plan here is our plan We this is what we're looking for. We will work with you to rezone the entire parcel as an early step That was a that's directly quoted from the comprehensive plan invest in our community Follow the plan that we've set out and we will work together with you to see this land Rezoned and developed to perhaps its highest and best use and so again Rezone it in accordance with what your client wants, right? By our position is that the the city can't do what it did without paying just compensation Of course, they're always allowed to you know, they're always allowed to do it as long as it's within the police power But there are consequences when the effects of that Operate to single out a specific parcel up and reasonable investment-backed expectations that the city itself cultivated for almost two decades and had a severe and substantial Devastating effect on the economic value of this property going forward. And so Yeah The complaint alleges both procedural and substantive due process claims as we remarked in our brief The district court never got that far the city didn't attack the actual deprivation prongs of those focused only on whether there was a property Interest to begin with so it does plead both but there was no analysis done by the district court I mean, we're talking old-school Lochner era substantive due process Reasonableness review if this this is a substantive due process claim Well, whether it whether it would be a you know, successfully state a claim under this substantive due process I think is a you know was a question that was forfeited at least the pleading stage by the city And would have to be appropriately briefed But especially when we have a constitutional provision on point, you know, I mean Graham D Connor We don't make stuff up when the Constitution already covers the subject matter and and Certainly the the allegations the complaint do I think echo? It's fair to say more strongly in procedural due process and that's why these claims are often brought together So there are no questions. Thank you for your argument. We appreciate it. The case would be submitted